UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN BANCHS RIVERA, #327904,

       Plaintiff,

    -v-                                09-CV-6621L

                                      **ORDER**

Investigator FREEMAN R. SHAW IV,
Police Officer MARTIN M. LOGAN,
Sergeant ROBERT MATTICK and
CITY OF ROCHESTER,

       Defendants.
_____

## **INTRODUCTION**

Plaintiff pro se, John Banchs Rivera, a pretrial detainee at the Monroe County Jail, was directed by the Court to amend his complaint to clarify whether he is being detained on the charges he alleges were falsely brought and have been maliciously prosecuted (Docket No. 5). Plaintiff has filed an amended complaint that makes clear that he is, in fact, held on the charges alleged to be maliciously prosecuted (Docket # 6). Plaintiff is awaiting trial on the charges, having been indicted by a Grand Jury and arraigned on the indictment. Based on the Court's review of the amended complaint, certain of plaintiff's claims may go forward at this time, and two claims must be dismissed as premature.

## **DISCUSSION**

Plaintiff claims that the defendants, Investigator Freeman R. Shaw IV, Officer Martin M. Logan and Sergeant Robert Mattick, violated his rights when he was retaliated against for asserting

his constitutional rights, his house and cars were illegally searched, he was subjected to excessive force, and he was arrested, detained and prosecuted for a crime he did not commit. For the reasons discussed below, the retaliation, illegal search and seizure, excessive force and false arrest claims may go forward at this time. The denial of due process under the Fourth Amendment and malicious prosecution claims must be dismissed without prejudice as premature.

**Claim accrual and delayed claim accrual**

As discussed in the Court's prior Order, in *Wallace v. Kato* the Supreme Court discussed the claims accrual and statute of limitations issues surrounding a false arrest or false imprisonment claim and how they related to the line of cases that had previously caused dismissal of such cases as barred prior to the invalidation of any conviction that resulted from the criminal prosecution under *Heck v. Humphrey,* 512 U.S. 477[1]. *Wallace v. Kato*, 549 U.S. 384 (2007). In *Wallace*, the Supreme Court found that a litigant may file a false arrest claim on the first day of confinement and that the claim accrues on the date on which plaintiff was arraigned on the charges, or "when legal process was initiated against him..." *Wallace*, 549 U.S., at 390. The Court decided that the false arrest claim was not subject to the deferred accrual called for by *Heck* that applies to a

---

[1] Heck held that "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 486-487.

malicious prosecution claim.

**False arrest, excessive force and search and seizure claims**

Plaintiff alleges that he was falsely charged, among other things, and is detained in the Monroe County Jail awaiting trial on the false charges. The false arrest claim has therefore accrued. Because the excessive force claim is proceeding, the false arrest claim may go forward at this time, there being no consideration of judicial economy causing the Court to consider staying the claim pending resolution of the criminal trial. *Wallace*, at 390.

Similarly, the logic of Wallace would dictate that the search and seizure claim has accrued where, as here, the claim does not impugn an extant conviction. Wallace, at 397.

**Malicious prosecution and prosecution due process claims**

However, in order to establish a malicious prosecution claim, a plaintiff must show that (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor. Posr v. Court Officer Shield No. 207, 180 F.3d 409, 417 (2d Cir. 1999) (citing Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997). Plaintiff cannot allege one of the elements of the cause of action, that the prosecution was terminated in his favor. The malicious prosecution claim must, therefore, be dismissed as premature unless or until plaintiff is acquitted or has overturned the conviction.

Plaintiff's other due process claims relating to the conduct of the prosecution must, for the same reasons, be dismissed as premature.

## CONCLUSION and ORDER

For the reasons set forth above, plaintiff's retaliation, illegal search and seizure, excessive force and false arrest claims may go forward at this time. The denial of due process under the Fourth Amendment and malicious prosecution claims must be dismissed without prejudice as premature.

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

**SO ORDERED.**

S/ MICHAEL A. TELESCA
MICHAEL A. TELESCA
United States District Judge

Dated: February 3, 2010
Rochester, New York