UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN BANCHS RIVERA,

                           Plaintiff,

                                          Case # 09-CV-6621-FPG

v.

                                          DECISION AND ORDER

SERGEANT ROBERT MATTICK,

                           Defendant.

## INTRODUCTION

After a four day trial, the jury in this case found no cause of action against Defendant Sergeant Robert Mattick regarding *pro se* Plaintiff John Banchs Rivera's allegation that he was subjected to excessive force on April 3, 2009. Presently before the Court are Plaintiff's motions for judgment as a matter of law under Fed. R. Civ. P. 50(b) or for a new trial under Fed. R. Civ. P. 59.[1] ECF No. 92. Because there is no basis to disturb the jury's verdict, Plaintiff's motions for post-trial relief (*id.*) are denied.

## DISCUSSION

The proponent of a motion for judgment as a matter of law under Fed. R. Civ. P. 50(b) faces a "high bar," *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 479 (2d Cir. 2001), and the Second Circuit has cautioned that motions for judgment as a matter of law "should be granted cautiously and sparingly." *Meloff v. N.Y. Life Ins. Co.*, 240 F.3d 138, 145 (2d Cir. 2001). In ruling on such a motion, "the court must draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the

---

[1]    Plaintiff's Motion also seeks judgment as a matter of law or a new trial under Fed. R. Civ. P. 29. That rule is not applicable here, as it deals with stipulations and pretrial discovery.

evidence...Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000) (citations omitted).  In order to grant the application, this Court must find that "a reasonable jury would not have a legally sufficient evidentiary basis to find for" the non-movant. Fed. R. Civ. P. 50(a); *see Cameron v. City of N.Y.*, 598 F.3d 50, 50 (2d Cir. 2010) (the evidence must "so  utterly discredit" the non-moving party such "that no reasonable juror could fail to believe the version advanced by the moving party.")

The rules governing a motion for a new trial under Fed. R. Civ. P. 59 are somewhat less strict, in that the Court may weigh the evidence independently, and need not view it in the light most favorable to the prevailing party. *See Manley v. Ambase Corp.*, 337 F.3d 237, 244–45 (2d Cir. 2003).  Unlike a motion for judgment as a matter of law, a motion for a new trial "may be granted even if there is substantial evidence to support the jury's verdict." *United States v. Landau,* 155 F.3d 93, 104 (2d Cir. 1998).  Even under this less restrictive standard, however, a new trial should not be granted "unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Caruolo v. John Crane, Inc.,* 226 F.3d 46, 54 (2d Cir. 2000).  In other words, to order a new trial, the Court "must view the jury's verdict as against the weight of the evidence."  *Manley,* 337 F.3d at 245 (quotation and citation omitted).  The Second Circuit has also cautioned that "a trial judge should not be quick to revisit a jury's credibility determinations, and must proceed 'with caution and great restraint' when asked to do so." *Crawford v. Tribeca Lending Corp.*, No. 15-1403-CV, --- F.3d ----, 2016 WL 877874, at *5 (2d Cir. Mar. 8, 2016) (quoting *Raedle v. Credit Agricole Indosuez,* 670 F.3d 411, 418 (2d Cir. 2012)).

As the Defendant points out, a Rule 59 motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). In this case, Judgment was entered on June 23, 2015 (ECF No. 91), and Plaintiff's Rule 59 motion is dated July 22, 2015 – which is a day too late. On that basis alone, the Plaintiff's Rule 59 motion must be denied. Although the Plaintiff's Rule 59 motion is untimely, the Court will nevertheless review both the Rule 50 and Rule 59 motions on the merits.

As previously stated, the standard for relief under Rule 50 is demanding, and the Court must find that no rational jury could have returned the verdict that they did. And while the standard under Rule 59 is not as strict, Plaintiff still must show that the jury's result is "seriously erroneous" or that "the verdict is a miscarriage of justice." *Manley*, 337 F.3d at 245. Viewed under either of these standards, Plaintiff's Motion fails.

The jury was presented with two divergent versions of what happened on April 3, 2009; one from the Plaintiff and his witnesses that Defendant Mattick used excessive force, and one from Defendant Mattick and his witnesses that the force used to arrest Plaintiff was proper. Neither version of the events of April 3, 2009 was inherently unbelievable, so the jury was called upon to make credibility determinations in order to render its verdict. Understandably, Plaintiff is disappointed that the jury did not rule in his favor, but that is an insufficient basis for this Court to upset the jury's verdict.

Plaintiff correctly argues that "the jury was in the best position to assess the credibility of the Defendant Sgt. Mattick's and his witnesses (fellow officers) and determine which version of events was to be believed." ECF No. 92, at 12. But Plaintiff's argument that the jury "failed to do so" is nothing more than a conclusory quibble with the jury's credibility determinations. Plaintiff's motion seeks to marshal the evidence in his favor, and to relitigate the jury's

credibility determinations by arguing that certain portions of the testimony were contradictory when viewed against certain documents or other prior testimony. These were all arguments that Plaintiff made to the jury and that the jury rejected through their verdict. This is not the exceptional case where the Court could find that the jury's determination constituted a miscarriage of justice, and Plaintiff's motion for judgment as a matter of law or for a new trial based upon his view of the trial testimony is denied.

In seeking a new trial, Plaintiff also argues that he was prejudiced when defense counsel referenced the Plaintiff's prior convictions under cross examination. During pre-trial proceedings, the Court ruled that while counsel could elicit the fact that the Plaintiff was previously convicted of felonies and could elicit the dates of these convictions, the Court also precluded any reference to the nature of the charges or the sentences imposed.

During Plaintiff's testimony, defense counsel elicited the fact that Plaintiff had been convicted of crimes in 1986 and 1994, but went on to elicit that he was sentenced to one and a half to four years on one of those charges, and that the two convictions were for criminal possession of a weapon and criminal possession of a controlled substance.

Upon hearing this, the Court interrupted the Plaintiff's testimony, called the parties to sidebar, and admonished defense counsel not to elicit the details of the crimes. The Court then instructed the jury to disregard that testimony, and ordered the testimony stricken from the record. At the next break and outside the presence of the jury, Plaintiff raised the issue of his prior convictions being mentioned before the jury. He argued that defense counsel should abide by the Court's prior ruling, but also stated that "I have nothing to hide regardless. You know, this is not about what I did back in that many years. What matters is what happened on April 3, 2009." The Plaintiff did not request any form of relief regarding the improper question, but the

Court offered, on its own initiative, to provide a curative instruction to the jury. Defense counsel had no objection to a curative instruction.

During the charge conference, it was defense counsel who reminded the Court "to put in the curative [instruction] against me when I brought up the specific offenses for the felony charges." The Plaintiff had no objection to that request, and during the Court's final instructions, the jury was instructed generally that "any evidence as to which an objection was sustained and any evidence ordered stricken by the Court must be disregarded by you." Later in the charge, the Court specifically instructed the jury that "there was, during the questioning of some of the witnesses, some specifics regarding the charges. I'm going to ask you to disregard the specifics regarding the nature of the charges and just consider the facts that the individuals admitted or were questioned about being convicted felons." At the end of the Court's charge and prior to jury deliberations, both parties were asked if they had any exceptions or additional requests regarding the Court's instructions to the jury. Neither party had any such requests or exceptions.

While defense counsel's question was improper, it was not so improper or prejudicial to deprive the Plaintiff of a fair trial. The improper question was immediately cured by the Court's striking of the testimony and the direction to the jury to disregard that testimony. Indeed, Plaintiff did not request a mistrial or any other relief other than the curative instruction that was suggested by the Court, and that instruction was indeed provided to the jury during the Court's final instructions. Given that the improper question was a one-time event, and in light of the Court's instructions and the Supreme Court's holding that "a jury is presumed to follow its instructions," *Weeks v. Angelone*, 528 U.S. 225, 234 (2000), the improper question does not provide a basis for this Court to grant relief under either Rule 50 or Rule 59.

CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for judgment as a matter of law or for

a new trial (ECF No. 92) is in all respects DENIED.

IT IS SO ORDERED.

DATED:      Rochester, New York
            March 28, 2016

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

6